**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JULIUS SERRANO, on behalf of himself and all others
similarly situated,

               Plaintiff

               vs.

HAVANA CAFÉ, LLC, a New York limited liability
company, APR RESTAURANT, LLC, a New York limited
liability company,  KEVIN ALICEA, RUBEN
RODRIGUEZ, TROY PEREZ and DOE DEFENDANTS
1-10,

               Defendants.
-----------------------------------------------------------------X

**Case No. 14-CV-08059-RJS**

**SETTLEMENT
AGREEMENT AND
GENERAL RELEASE**

**WHEREAS,** on October 7, 2014 plaintiff Julius Serrano (hereinafter referred to as "Plaintiff"), filed, in the United States District Court for the Southern District of New York, a complaint against Havana Café, LLC, Kevin Alicea, Ruben Rodriguez, and Troy Perez  in an action entitled, *Serrano v. Havana Café, et al,* asserting violations of the Fair Labor Standards Act, ("FLSA") and New York Labor Law (the "Action") seeking to recover unpaid wages and unpaid overtime wages;

**WHEREAS,** on December 29, 2014 Plaintiff filed his First Amended Complaint (hereinafter referred to as the "Complaint") , *inter alia*, adding APR Restaurant, LLC (together with Havana Café, LLC, "Havana") as a defendant;

**WHEREAS,** Plaintiff and Defendants desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised in the Complaint;

**WHEREAS,** Plaintiff's and Defendants' Counsel have negotiated over several weeks to reach a settlement acceptable to the parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses.

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as

follows:

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants that:

1.      In consideration of the payment to Plaintiff by Defendants of sixty thousand dollars ($60,000) (the "Settlement Amount"), inclusive of Plaintiff's attorney's fees , and other valuable consideration set forth elsewhere in this Agreement, Plaintiff hereby releases and forever discharge Defendants, their officers, directors, shareholders, employees, agents, parent companies, affiliates, predecessors, successors, subsidiaries, other related companies, heirs, and assigns (all of whom jointly and severally with Defendants constitute and are hereinafter singularly and collectively referred to herein as "Defendants"), both individually and in their official capacities, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, that Plaintiff his heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e) *et seq.*; 42 U.S.C. Sections 1981 and 1983; Age Discrimination in Employment Act; Americans with Disabilities Act; ERISA; COBRA; New York State Executive Law, Sections 290, *et. seq.;* New York City Administrative Code; Equal Pay Act of 1963, as amended, 29 U.S.C. Section 206 *et seq.*; Labor Management Relations Act of 1947, as amended 29 U.S.C. Section 141 *et seq.*, National Labor Relations Act; the Fair Labor Standards Act and New York Labor Law from the beginning of the world to the date of this Settlement Agreement and General Release ("Agreement"). Defendants reciprocally release any claim that they have or may have had against Plaintiff which existed as of or arose prior to the execution of this Agreement.

2.      The parties agree that the Settlement Amount, inclusive of attorney's fees referenced above, shall be paid as follows: (a) The parties agree that the Settlement Amount shall be paid in three (3) installments on the following schedule: (1) the first payment of $20,000 (less applicable employment taxes as set forth in paragraph 4 herein) shall be made within five (5) business days of the date counsel for Defendants receives: (i) the fully executed Settlement Agreement and General Release

SETTLEMENT AGREEMENT AND GENERAL RELEASE     2

signed by Plaintiff; and (ii) the Affidavits of Confession in the form attached as **Exhibit "A"** signed by Defendants APR Restaurant LLC,  Kevin Alicea, Ruben Rodriguez, and Troy Perez ("Settling Defendants"); (2) The second payment of $20,000 (less applicable employment taxes as set forth in paragraphs 4 herein) shall be made on or before June 15, 2015: $20,000; and (3) the third payment of $20,000 (less applicable employment taxes as set forth in paragraphs 4 herein) shall be made on or before August 15, 2015; (c) payments shall be made via bank check or wire transfer to the attorney escrow account of Michael J. Romano & Associates, PC.; (d) In the event that the payments described above are not received by Plaintiff's Counsel by the dates set forth above, and such failure to make payment is not cured within ten (10) days of notice by Certified Mail, Return Receipt Requested to Defendants' counsel, Plaintiff shall be permitted to enter judgment against Settling Defendants, jointly and severally, in the amount of ninety thousand dollars ($90,000), less any monies theretofore paid by Defendants under this Agreement, as set forth in the Affidavits of Confession.  Said Affidavits of Confession are only to be filed with the Court in the event of Defendants' default as set forth herein. Plaintiff's counsel shall hold the Affidavits of Confession in escrow pending receipt of all the payments referenced above. In the event that all of the payments are made in accordance with the aforesaid paragraphs, Plaintiff's counsel shall immediately return the original Affidavits of Confession to Defendants' counsel.

3.      In the event that Defendants fail to make timely payment as set forth in paragraph 2 above, Defendants agree that Plaintiff may enter judgment in the State Court of New York. Judgment may, in such case, be entered as against the Settling Defendants, and each of them, in the Supreme Court of the State of New York, County of New York and it is agreed that the Clerk of such court may enter judgment upon the confessions of judgment on the filing of this stipulation and an affidavit executed by Plaintiff's counsel as to the failure to comply with the terms hereof pursuant to CPLR § 3215(i)(1), with the same force and effect as if this action had originally been commenced in such court, and with the same force and effect as if this stipulation had fully resolved and settled an action commenced in said Court.

4.      The Amount shall be apportioned as follows:  $19,307.60 to wages; $19,307.60 to liquidated and statutory damages; $20,792.80 to attorneys' fees; and $592.00 to expenses and costs. Defendants may issue IRS tax forms W-2 (for wages) and 1099 (for statutory damages, fees, expenses and costs) to Plaintiff through Plaintiff's counsel, in the respective amounts which each of them received, at the appropriate time.  Plaintiff agrees to hold Defendants harmless, and indemnify all Defendants from any payments Defendants may be required to make to any taxing authority based upon any alleged failure to pay any taxes that Plaintiff owes related to said income. However, Plaintiff

SETTLEMENT AGREEMENT AND GENERAL RELEASE     3

shall not accept any responsibility for those payroll tax and other employer contributions which would have been made by the employer in the ordinary course of events.

5.     Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with federal, state and local agencies/administrative bodies and will also withdraw with prejudice all judicial actions, including, but not limited to, the aforementioned Action, and as well as any and all other lawsuits, claims, demands or actions pending against any Defendant(s), both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any Defendant(s).  Plaintiff further agrees to waive the right to recover any monetary damages in any charge or lawsuit filed by anyone else on their behalf.

6.     Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7.     If Defendants should receive any request for an employment reference with respect to Plaintiff, Defendants shall respond that it is their policy only to give the inclusive dates of employment and the position held, and shall not divulge any information, either verbally or in writing, beyond this neutral reference.

8.     Plaintiff acknowledges that his employment with Defendants has ended, that he has been paid in full for all time worked and is not owed other forms of compensation, including, but not limited to, wages, any vacation or sick pay, accrued benefit, bonus or commission. Plaintiff further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, he voluntarily and knowingly waives any and all rights to reemployment with Defendants, and will not seek employment with Defendants at any time.

9.     The parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made, and this Agreement contains the entire agreement of the parties.  This Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights. Defendants explicitly refute and deny any claims of wrongdoing.  This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

SETTLEMENT AGREEMENT AND GENERAL RELEASE     4

10.    The parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

11.    This Agreement may only be modified, altered or changed in a writing signed by the parties.

12.    This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Defendants, and each of them, acknowledge that the confessions of judgment in the amount of $90,000 do not constitute a penalty or forfeiture as a matter of substantive New York contract law, and after consulting with their counsel, covenant that they will make no such argument at any time in the future. The parties further agree that if judgment be entered on the confessions hereunder, that Defendants shall make no argument to vacate such judgment other than that Plaintiff's counsel failed to comply with the terms of this agreement in entering the judgment(s).

13.    This Agreement may be executed in any number of counterparts, in pdf, by facsimile, or any other format capable of reliable reproduction, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

14.    All other notices and documents set forth herein shall be delivered to counsel for Defendants at the following address: Ginsburg & Misk LLP, 215-48 Jamaica Avenue, Queens Village, New York 11428.

15.    Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement. He further represents that after having had a full opportunity of at least five (5) days to review and consider the terms and conditions of this Agreement, and having discussed them with his counsel and/or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, that he fully understands all of the provisions of this Agreement and has executed the Agreement freely and voluntarily.  Plaintiff represents that his counsel provided no tax advice in connection with the Settlement and he has been advised by his counsel to seek the advice of a tax consultant.

16.    Plaintiff further understands he has the opportunity to revoke this Agreement within five (5) days of its execution.

SETTLEMENT AGREEMENT AND GENERAL RELEASE     5

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement and General Release as of the ___ day of April, 2015.

Dated: _____ By: _____

Plaintiff Julius Serrano

Dated: _____ By: _____

Kevin Alicea on behalf of
Defendant APR Restaurant, LLC

Dated: _____ By: _____

Kevin Alicea, on behalf of
Defendant Havana Café, LLC

Dated: _____ By: _____

Defendant Kevin Alicea

Dated: _____ By: _____

Defendant Ruben Rodriguez

Dated: _____ By: _____

Defendant Troy Perez

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement and General Release as of the ___ day of April, 2015.

Dated: _____ By: _____

Plaintiff Julius Serrano

Dated: _____ By: _____

Kevin Alicea on behalf of
Defendant APR Restaurant, LLC

Dated: _____ By: _____

Kevin Alicea, on behalf of
Defendant Havana Café LLC

Dated: _____ By: _____

Defendant Kevin Alicea

Dated: _____ By: _____

Defendant Ruben Rodriguez

Dated: _____ By: _____

Defendant Troy Perez

SETTLEMENT AGREEMENT AND GENERAL RELEASE     6

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement and General Release as of the ___ day of April, 2015.

Dated: _____ By: _____
Plaintiff Julius Serrano

Dated: _____ By: _____
Kevin Alicea on behalf of
Defendant APR Restaurant, LLC

Dated: _____ By: _____
Kevin Alicea, on behalf of
Defendant Havana Café LLC

Dated: _____ By: _____
Defendant Kevin Alicea

Dated: _____ By: _____
Defendant Ruben Rodriguez

Dated: _____ By: _____
Defendant Troy Perez

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIUS SERRANO, on behalf of himself and all others
similarly situated,

                 **Case No. 14-CV-08059-RJS**

           Plaintiff

            vs.

                 **AFFIDAVIT OF**
                 **CONFESSION OF**
                 **JUDGMENT**

HAVANA CAFÉ, LLC, a New York limited liability
company, APR RESTAURANT, LLC, a New York
limited liability company, KEVIN ALICEA, RUBEN
RODRIGUEZ, TROY PEREZ and DOE DEFENDANTS
1-10,

           Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK        )
                       )ss.:
COUNTY OF NASSAU       )

       Kevin Alicea, being duly sworn, deposes and states the following under penalty of

perjury:

       1.     I am Kevin Alicea, I have been named as a defendant in the above-captioned

action.

       2.     I am a member of APR Restaurant, LLC (the "Company"), a defendant in this

action and have authority to bind the Company.

       3.     On behalf of the Company, I hereby confess judgment herein and authorize

immediate entry of judgment in favor of plaintiff Julius Serrano against myself, the Company,

LLC, Ruben Rodriguez and Troy Perez in the sum of $90,000 plus interest, costs and

disbursements as allowed by law.

       4.     On behalf of the Company, I hereby authorize entry of judgment in the Supreme

Court of the State of New York, County of New York.

       5.     On behalf of the Company, I agree to execute a renewal and/or replacement

confession(s) of judgment(s) upon request of Plaintiff.

Affidavit of Confession of Judgment 1

6.      On behalf of the Company, I agree that such entry of judgment by confession may be made by Plaintiff notwithstanding the passage of three (3) years from the date of this affidavit.

7.      On behalf of the Company, I agree that such entry of judgment by confession against me and the Company be made without any prior notice to us.

8.      This confession of judgment is for a debt justly due to Plaintiff, arising from the following facts:  The above-captioned federal lawsuit concerning the non-payment of wages to Havana Café restaurant employees pursuant to the Fair Labor Standards Act and the New York Labor Law in the above-captioned action and the settlement agreement.

9.      This confession of judgment is not an installment loan within the prohibition of CPLR 3201.

By: _____        Date: April 27, 2015
        KEVIN ALICEA, on behalf of
        APR Restaurant, LLC


STATE OF NEW YORK      )
                                          ) s.s.:
COUNTY OF Bronx      )

On this 29 day of April 2015, before me, the undersigned, personally appeared Kevin Alicea, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

GERARD MISK
Notary Public, State of New York
No. 02MI6043561
Qualified in Queens County
Commission Expires May 8, 2015


# Affidavit of Confession of Judgment 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
JULIUS SERRANO, on behalf of himself and all others
similarly situated,

                      Plaintiff

                      vs.

HAVANA CAFÉ, LLC, a New York limited liability
company, APR RESTAURANT, LLC, a New York
limited liability company,  KEVIN ALICEA, RUBEN
RODRIGUEZ, TROY PEREZ and DOE DEFENDANTS
1-10,

                      Defendants.
--------------------------------------------------------------------X

Case No. 14-CV-08059-RJS

**AFFIDAVIT OF**
**CONFESSION OF**
**JUDGMENT**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | )ss.: |
| COUNTY OF NASSAU | ) |

Troy Perez, being duly sworn, deposes and states the following under penalty of perjury:

1.     I am Troy Perez, I have been named as a defendant in the above-captioned action.

2.     I hereby confess judgment herein and authorize immediate entry of judgment in favor of plaintiff Julius Serrano against myself APR Restaurant, LLC, Kevin Alicea and Ruben Rodriguez in the sum of $90,000 plus interest, costs and disbursements as allowed by law.

3.     I hereby authorize entry of judgment in the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York, County of New York.

4.     I agree to execute a renewal and/or replacement confession(s) of judgment(s) upon request of Plaintiff.

5.     I agree that such entry of judgment by confession may be made by Plaintiff notwithstanding the passage of three (3) years from the date of this affidavit.

6.     I agree that such entry of judgment by confession against me may be made without any prior notice to me.

Affidavit of Confession of Judgment 1

7.      This confession of judgment is for a debt justly due to Plaintiff, arising from the following facts:  The above-captioned federal lawsuit concerning the non-payment of wages to Havana Café restaurant employees pursuant to the Fair Labor Standards Act and the New York Labor Law in the above-captioned action and the settlement agreement.

8.      This confession of judgment is not an installment loan within the prohibition of CPLR 3201.

By: _____       Date: April 29, 2015
       TROY PEREZ


STATE OF NEW YORK      )
                                               s.s.:
COUNTY OF  Bronx      )

On this _29_ day of April 2015, before me, the undersigned, personally appeared Troy Perez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public


GERARD MISK
Notary Public, State of New York
No. 02MI5043761
Qualified in Queens County
Commission Expires May 8, _2017_


Affidavit of Confession of Judgment 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIUS SERRANO, on behalf of himself and all others
similarly situated,

Case No. 14-CV-08059-RJS

Plaintiff

vs.

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

HAVANA CAFÉ, LLC, a New York limited liability
company, APR RESTAURANT, LLC, a New York
limited liability company,  KEVIN ALICEA, RUBEN
RODRIGUEZ, TROY PEREZ and DOE DEFENDANTS
1-10,

Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NASSAU             )

      Kevin Alicea, being duly sworn, deposes and states the following under penalty of perjury:

      1.     I am Kevin Alicea, I have been named as a defendant in the above-captioned action.

      2.     I hereby confess judgment herein and authorize immediate entry of judgment in favor of plaintiff Julius Serrano against myself APR Restaurant, LLC, Troy Perez and Ruben Rodriguez in the sum of $90,000 plus interest, costs and disbursements as allowed by law.

      3.     I hereby authorize entry of judgment in the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York, County of New York.

      4.     I agree to execute a renewal and/or replacement confession(s) of judgment(s) upon request of Plaintiff.

      5.     I agree that such entry of judgment by confession may be made by Plaintiff notwithstanding the passage of three (3) years from the date of this affidavit.

Affidavit of Confession of Judgment 1

6.    I agree that such entry of judgment by confession against me may be made without any prior notice to me.

7.    This confession of judgment is for a debt justly due to Plaintiff, arising from the following facts:  The above-captioned federal lawsuit concerning the non-payment of wages to Havana Café restaurant employees pursuant to the Fair Labor Standards Act and the New York Labor Law in the above-captioned action and the settlement agreement.

8.    This confession of judgment is not an installment loan within the prohibition of CPLR 3201.

By: _____          Date: April 29, 2015
    KEVIN ALICEA


STATE OF NEW YORK    )
                     )  s.s.:
COUNTY OF Bronx      )

On this 29 day of April 2015, before me, the undersigned, personally appeared Kevin Alicea, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public


GEORGE KOOK
Notary Public, State of New York
No. 01KO5103561
Qualified in Queens County
Commission Expires May 8, 2016


Affidavit of Confession of Judgment 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JULIUS SERRANO, on behalf of himself and all others
similarly situated,

                    Plaintiff

                    vs.

HAVANA CAFÉ, LLC, a New York limited liability
company, APR RESTAURANT, LLC, a New York
limited liability company, KEVIN ALICEA, RUBEN
RODRIGUEZ, TROY PEREZ and DOE DEFENDANTS
1-10,

                    Defendants.
-------------------------------------------------------------------X

**Case No. 14-CV-08059-RJS**

**AFFIDAVIT OF**
**CONFESSION OF**
**JUDGMENT**

STATE OF NEW YORK      )
                        )ss.:
COUNTY OF NASSAU      )

        Ruben Rodriguez, being duly sworn, deposes and states the following under penalty of

perjury:

        1.      I am Ruben Rodriguez, I have been named as a defendant in the above-captioned

action.

        2.      I hereby confess judgment herein and authorize immediate entry of judgment in

favor of plaintiff Julius Serrano against myself APR Restaurant, LLC, Kevin Alicea and Troy

Perez in the sum of $90,000 plus interest, costs and disbursements as allowed by law.

        3.      I hereby authorize entry of judgment in the United States District Court for the

Southern District of New York and/or the Supreme Court of the State of New York, County of

New York.

        4.      I agree to execute a renewal and/or replacement confession(s) of judgment(s)

upon request of Plaintiff.

        5.      I agree that such entry of judgment by confession may be made by Plaintiff

notwithstanding the passage of three (3) years from the date of this affidavit.

Affidavit of Confession of Judgment 1

6.     I agree that such entry of judgment by confession against me may be made without any prior notice to me.

7.     This confession of judgment is for a debt justly due to Plaintiff, arising from the following facts:  The above-captioned federal lawsuit concerning the non-payment of wages to Havana Café restaurant employees pursuant to the Fair Labor Standards Act and the New York Labor Law in the above-captioned action and the settlement agreement.

8.     This confession of judgment is not an installment loan within the prohibition of CPLR 3201.

By: _____          Date: May 6 April , 2015
        RUBEN RODRIGUEZ


STATE OF NEW YORK          )
                                           s.s.:
COUNTY OF Queens          )

On this 6 day of May April 2015, before me, the undersigned, personally appeared Ruben Rodriguez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

GERARD MISK
Notary Public, State of New York
No. 02MI5042561
Qualified in Queens County
Commission Expires May 8, 2011

**Affidavit of Confession of Judgment 2**